Mr. Frank Gilbert, Vice President Gilbert Gilbert P.O. Box 167 Bauxite, Arkansas 72011
Dear Mr. Gilbert:
This letter is being issued in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) THE CONGRESSIONAL TERM LIMITS AMENDMENT OF 1996 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION CONCERNING CONGRESSIONAL TERM LIMITS, AND, IN CONNECTION THEREWITH, SPECIFYING A PROPOSED AMENDMENT TO THE U.S. CONSTITUTION THAT LIMITS U.S. SENATORS TO TWO TERMS, FORMER AND INCUMBENT U.S. SENATORS TO ONE ADDITIONAL TERM, U.S. REPRESENTATIVES TO THREE TERMS, AND FORMER AND INCUMBENT U.S. REPRESENTATIVES TO TWO ADDITIONAL TERMS; INSTRUCTING ARKANSAS' U.S. SENATORS AND REPRESENTATIVES TO PASS SAID TERM LIMITS AMENDMENT; PLACING ON APPROPRIATE BALLOTS THE INFORMATION" DISREGARDED VOTER INSTRUCTION ON TERM LIMITS" NEXT TO THE NAME OF AN INCUMBENT U.S. SENATOR OR REPRESENTATIVE OR INCUMBENT STATE SENATOR OR REPRESENTATIVE WHEN SUCH SENATOR OR REPRESENTATIVE FAILS TO TAKE SPECIFIC ACTIONS IN SUPPORT OF SAID TERM LIMITS AMENDMENT; ALLOWING NON-INCUMBENT CANDIDATES FOR U.S. AND STATE SENATOR AND REPRESENTATIVE AN OPPORTUNITY TO TAKE A PLEDGE IN SUPPORT OF SAID TERM LIMITS AMENDMENT; PLACING ON THE APPROPRIATE BALLOTS THE INFORMATION" DECLINED TO PLEDGE TO SUPPORT TERM LIMITS" NEXT TO THE NAME OF A NON-INCUMBENT CANDIDATE WHO HAS NOT SIGNED SUCH PLEDGE; INSTRUCTING ARKANSAS' STATE SENATORS AND REPRESENTATIVES TO VOTE TO APPLY FOR AN AMENDMENT-PROPOSING CONVENTION; AUTHORIZING THE SECRETARY OF STATE TO DETERMINE WHETHER CANDIDATES HAVE COMPLIED WITH THE TERMS OF THE AMENDMENT AND WHETHER SUCH DESIGNATIONS SHOULD BE CERTIFIED TO THE COUNTY CLERKS FOR APPEARANCE ON THE BALLOT; ALLOWING ANY LEGAL CHALLENGE TO THIS AMENDMENT TO BE FILED WITH THE SUPREME COURT OF ARKANSAS AS AN ORIGINAL ACTION; AND TO PROVIDE FOR THE REVIVAL OF UNITED STATES CONGRESSIONAL TERM LIMITS IN ARKANSAS UPON THE PASSAGE OF APPROPRIATE FEDERAL LAW.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992) The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee, v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposals under the above precepts, I hereby approve your popular name as submitted. Under those precepts, however, I hereby substitute the following ballot title for the one that you submitted, in order to apprise the voters more fully of the substance of the proposal:
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION CONCERNING CONGRESSIONAL TERM LIMITS, AND, IN CONNECTION THEREWITH, SPECIFYING A PROPOSED AMENDMENT TO THE U.S. CONSTITUTION THAT LIMITS U.S. SENATORS TO TWO TERMS, FORMER AND INCUMBENT U.S. SENATORS TO ONE ADDITIONAL TERM, U.S. REPRESENTATIVES TO THREE TERMS, AND FORMER AND INCUMBENT U.S. REPRESENTATIVES TO TWO ADDITIONAL TERMS; INSTRUCTING ALL ELECTED OFFICIALS TO VOTE IN FAVOR OF SAID TERM LIMITS AMENDMENT; PLACING ON APPROPRIATE BALLOTS THE INFORMATION "DISREGARDED VOTER INSTRUCTION ON TERM LIMITS" NEXT TO THE NAME OF AN INCUMBENT U.S. SENATOR OR REPRESENTATIVE (EXCEPT PENDING OR AFTER RATIFICATION OF A TERM LIMITS AMENDMENT TO THE U.S. CONSTITUTION) AND NEXT TO THE NAME OF AN INCUMBENT STATE SENATOR OR REPRESENTATIVE (EXCEPT PENDING AN APPLICATION TO THE U.S. CONGRESS FOR A CONSTITUTIONAL CONVENTION, AND EXCEPT PENDING OR AFTER RATIFICATION OF A TERM LIMITS AMENDMENT TO THE U.S. CONSTITUTION) WHEN SUCH U.S. OR STATE SENATOR OR REPRESENTATIVE FAILS TO TAKE SPECIFIED ACTIONS IN SUPPORT OF SAID TERM LIMITS AMENDMENT OR WHEN SUCH U.S. OR STATE SENATOR OR REPRESENTATIVE FAILS TO TAKE SPECIFIED ACTIONS TO REJECT OPPOSITION TO SAID TERM LIMITS AMENDMENT; ALLOWING NON-INCUMBENT CANDIDATES FOR U.S. AND STATE SENATOR AND REPRESENTATIVE AN OPPORTUNITY TO TAKE A PLEDGE IN SUPPORT OF SAID TERM LIMITS AMENDMENT; PLACING ON THE APPROPRIATE BALLOTS THE INFORMATION "DECLINED TO PLEDGE TO SUPPORT TERM LIMITS" NEXT TO THE NAME OF A NON-INCUMBENT CANDIDATE WHO HAS NOT SIGNED SUCH PLEDGE; INSTRUCTING ARKANSAS' STATE SENATORS AND REPRESENTATIVES TO VOTE TO APPLY TO THE U.S. CONGRESS FOR A CONSTITUTIONAL CONVENTION TO BE HELD FOR THE PURPOSE OF PROPOSING AN AMENDMENT TO THE U.S. CONSTITUTION; AUTHORIZING THE SECRETARY OF STATE TO DETERMINE WHETHER CANDIDATES HAVE COMPLIED WITH THE TERMS OF THE AMENDMENT AND WHETHER SUCH DESIGNATIONS SHOULD BE CERTIFIED TO THE COUNTY CLERKS FOR APPEARANCE ON THE BALLOT; ALLOWING CANDIDATES' LEGAL CHALLENGES TO THE SECRETARY OF STATE'S DETERMINATION UNDER THIS AMENDMENT TO BE FILED WITH THE SUPREME COURT OF ARKANSAS AS AN ORIGINAL ACTION; AND TO PROVIDE FOR THE REVIVAL OF UNITED STATES CONGRESSIONAL TERM LIMITS IN ARKANSAS UPON THE PASSAGE OF APPROPRIATE FEDERAL LAW.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh